UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:21-cr-00199-GMN-DJA-1 |
| vs. ) | |
| ) | **ORDER DENYING DEFENDANT's** |
| RENE MORALES, ) | **MOTION FOR SENTENCE** |
| ) | **REDUCTION UNDER AMENDMENT** |
| Defendant. ) | **821** |
| ) | |

Pending before the Court is the Motion for Sentence Reduction Under Amendment 821, (ECF No. 68), filed by Defendant Rene Morales. Under General Order 2023-09, the Federal Public Defender's Office was appointed to determine whether Defendant qualified for his requested relief and was required within 30 days of a *pro se* motion for relief under Amendment 821 to file a contested motion, a joint stipulation for a sentence reduction, or a notice of non-eligibility. Here, the FPD's office filed a notice of non-eligibility, explaining that upon review of Defendant's "*pro se* filing" and "additional relevant documents" he "does not qualify for a sentence reduction." (Notice Non-Eligibility 1:17–20, ECF No. 71).

For the reasons discussed below, the Court **DENIES** Defendant's Motion for Sentence Reduction Under Amendment 821 because he has not met his burden of showing a reduction is warranted under the amendments to the United States Sentencing Guidelines.

I. <u>BACKGROUND</u>

In June 2023, Defendant pleaded guilty to Count One of the Information, (ECF No. 55), for Clean Air Act-Negligent Endangerment in violation of 42 U.S.C. § 7413(c)(5). (*See* Mins. Proceedings, ECF No. 52). In October 2023, the Court sentenced Defendant to six months imprisonment, to be followed by a one-year term of supervised release. (*See* Mins.

Proceedings, ECF No. 64); (Judgment ("J."), ECF No. 66).  Defendant now petitions the Court for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines, (ECF No. 68).

## II.    LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b).  Section 3582(c)(2) establishes an exception to the general of finality. *Dillon v. United States*, 560 U.S. 817, 824 (2010).  Specifically, § 3582(c)(2) provides,

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission . . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582.  Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. *Dillon*, 560 U.S. at 826.  Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

## III.    DISCUSSION

Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); Amendment 821, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited Feb. 16, 2024).  Amendment 821

is bifurcated into Parts A and B. The Court begins by examining Defendant's eligibility for a sentence reduction under Part A.

### A. Part A – Amendment 821

Part A of Amendment 821 limits the criminal history impact of "status points" under U.S.S.G. § 4A1.1. Specifically, with regard to "status points," under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points.

Defendant does not meet the U.S.S.G. § 4A1.1(e) criteria for a sentence reduction. Specifically, Defendant did not receive any status points in calculating his criminal history points because he did not commit the underlying offense while under a criminal justice sentence. *See United States v. Benham*, No. 20-cr-00075, 2024 867081, at *2 (D. Haw. Feb. 29, 2024). Therefore, Defendant is not entitled to a "status point" reduction under Part A.

### B. Part B – Amendment 821

"Part B, Subpart 1 of the amendment provides a two-level reduction in the offense level for certain zero-point offenders—that is, defendants with no criminal history whose offenses meet the guideline's criteria." *United States v. Diaz-Diaz*, No. 19-cr-0187, 2023 WL 9040636, at *1 (W.D. Wash. Dec. 29, 2023); *see also* U.S.S.G. § 4C1.1(a). Defendant is not eligible for a sentence reduction under Part B because the application of Amendment 821 does not have the effect of lowering his guideline range.

Defendant had 0 criminal history points at sentencing, placing him in Criminal History Category I. (PSR ¶ 43). With a total offense level of 20 and a Criminal History Category of I,

Defendant had a guideline range of 33 to 41 months imprisonment. (*Id.* ¶ 77). However, the statutory maximum term of imprisonment for Clean Air Act-Negligent Endangerment in violation of 42 U.S.C. § 7413(c)(5) is one year (12 months). (*Id.*). U.S.S.G. § 5G1.1 establishes that when "the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range," the statutorily authorized maximum operates as the guideline sentence. U.S.S.G § 5G1.1. Therefore, the guideline range at sentencing was the statutorily authorized maximum.

Following application of Amendment 821, Defendant's total offense level would be lowered to 18. Based on a total offense level of 18 and a Criminal History Category of I, Defendant's amended advisory guideline range would be 27 to 33 months. *See* U.S.S.G. ch. 5, part A. Thus, the minimum of Defendant's amended guideline range still exceeds the statutory maximums for Defendant's offense. Therefore, the "statutorily authorized maximum sentence remains the guideline sentence." *United States v. Blackwell*, No. 3:20-cr-126, 2024 WL 489155, at *2 (D. Conn. Feb. 8, 2024). U.S.S.G. § 1B1.10(a)(2)(B) provides that "[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . . [Amendment 821] does not have the effect of lowering the defendant's applicable guideline range." Defendant's guideline range remains the statutorily authorized maximum. Accordingly, a sentence reduction is not warranted under Part B.

In sum, a sentence reduction is not warranted under Parts A and B to Amendment 821. Accordingly, Defendant's Motion for Sentence Reduction is DENIED.

///
///
///
///
///

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction Under Amendment 821, (ECF No. 68), is **DENIED**.

**DATED** this __5__ day of March, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court